UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| REGINALD W. DREW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 09-363-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found the plaintiff, who alleges that he is disabled by continued pain and stiffness in his left knee following a total knee replacement, osteoarthritis, an affective disorder, and obesity, capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further development.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of status post left knee replacement, osteoarthritis, and an affective disorder, Finding 3, Record at 9; that he retained the residual functional capacity

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on April 1, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

("RFC") to perform a limited range of light work, with occasional limitations in climbing, balancing, stooping, kneeling, crouching, and crawling, an inability to work around heights, dangerous machinery, or uneven or sloping walking surfaces, and retention of the cognitive ability to perform semi-skilled low-stress work, defined as work involving no more than occasional interaction with the public, with no limitation on interaction with co-workers and supervisors, Finding 5, *id*. at 10; that, considering his age (45 years old, defined as a younger individual, on the alleged disability onset date of December 1, 2006), education (high school or its equivalent), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 14; and that he, therefore, was not disabled from December 1, 2006, through the date of decision (April 1, 2009), Finding 11, *id*. at 15.[2] The Decision Review Board declined to disturb the decision, *see id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than

---

[2] The plaintiff was insured for purposes of SSD benefits through March 31, 2007. *See* Record at 1 n.* Entitlement to SSI benefits does not depend on insured status. *See, e.g., Splude v. Apfel*, 165 F.3d 85, 87 (1st Cir. 1999).

his past relevant work.  20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Steps 2 and 4 of the sequential process.  Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs*., 795 F.2d 1118, 1124 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* (quoting Social Security Ruling 85-28).

At Step 4, the claimant bears the burden of proof of inability to return to past relevant work.  20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(f), 416.920(f)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.  20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(f), 416.1520(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62")*,* at 813.

## I.  Discussion

The plaintiff seeks reversal and remand on the basis of any of three asserted errors, arguing that the administrative law judge failed to (i) consider his obesity a severe impairment, (ii) formulate an RFC supported by substantial evidence, and/or (iii) arrive at a Step 5 determination supported by substantial evidence.  *See* Statement of Specific Errors ("Statement of Errors") (Docket No. 7) at 1-7.  I agree in part and recommend that the court find that reversal and remand are warranted on the basis of the second and third points of error, which are intertwined.  I briefly discuss the remaining point of error, which I conclude does not independently justify reversal.

### A.  RFC and Step 5 Determinations

In determining the plaintiff's RFC, the administrative law judge drew a partially negative inference concerning his credibility, stating:

> While [the plaintiff] worked regularly, which permits a favorable inference that his complaints of severe pain are credible, that favorable inference is not drawn fully where, in part, there is no evidence that the claimant attended prescribed physical therapy, despite the apparent efficacy of that form of treatment, suggesting his pain symptoms are not as severe as alleged.  However, some credit is given to the claimant's report of a pain distraction which would require low stress work as defined below.

Record at 12 (citation omitted).

The administrative also later explained:

> The claimant's activities of daily living tend to erode the reliability of his testimony regarding the nature and extent of his symptoms.  The claimant lives in a house with his girlfriend, is able to tend to his dog, maintains appropriate hygiene, can prepare simple meals, performs routine chores, leaves his residence every day as a passenger in a car or occasionally on his own, and can make change.  These activities are performed on an independent, routine and appropriate basis, inconsistent with the degree of impairment alleged by the claimant at hearing.

> As his activities of daily living establish, this is not a case where even though an individual may have functional limitations of such severity that he is unable to engage in any substantial gainful activity, he may still have some residual ability to function in his daily activities. Rather, his activities of daily living, considered in combination with his discredited testimony and in view of the objective medical findings, portrays the ability to perform substantial gainful activity at the light exertional level.

*Id*. at 13.

The First Circuit has made clear that "[t]he credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." *Frustaglia v. Secretary of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir. 1987). Nonetheless, as the plaintiff points out, *see* Statement of Errors at 6, in this case there is a fundamental problem: the administrative law judge did not have the benefit of medical records timely submitted, but omitted from the record, demonstrating that he did in fact engage in physical therapy treatment, *see* Calais Regional Hospital physical therapy notes covering period from May 30, 2007, through July 31, 2007 (Docket No. 7-2), Appendix I to Statement of Errors.[3]

At oral argument, counsel for the commissioner acknowledged that this was error. However, he argued that the error was harmless because the record indicates that the plaintiff made significant progress and regained substantial mobility post-surgery, likely in part because he did undergo physical therapy.

I am unpersuaded. An agency's action should be judged on the basis of its own articulated rationale. *See also Federal Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397 (1974)

---

[3] The physical therapy notes were made part of the record when I granted, without objection, a motion by the plaintiff to correct the record on the ground that, by reason of omission of certain documents, including the physical therapy notes, the record was incomplete. *See* Docket Nos. 8, 12. In that motion, the plaintiff represented that he had electronically filed the physical therapy notes with the commissioner on December 9, 2008, one week prior to his hearing. *See* Docket No. 8 at [1].

5

("[W]e cannot accept appellate counsel's *post hoc* rationalizations for agency action; for an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself.") (citations and internal quotation marks omitted); *Cagle v. Astrue,* 266 Fed. Appx. 788, 794 (10th Cir. 2008) (rejecting commissioner's "impermissible attempt to provide a *post hoc* rationale in support of the ALJ's decision").

That approach seems particularly appropriate in assessing the supportability of the nuanced judgment call of whether to credit allegations of pain and functional restrictions that, as here, reasonably could have been expected to be produced by the claimant's medically determinable impairments.  *See* Record at 12; *see also, e.g.*, Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2009) ("SSR 96-7p"), at 136 ("Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, any statements of the individual concerning his or her symptoms must be carefully considered if a fully favorable determination or decision cannot be made solely on the basis of objective medical evidence.").

In this case, the administrative law judge himself indicated that the plaintiff's asserted failure to attend physical therapy was material to his overall assessment of his credibility and cited the asserted default in treatment compliance in declining to draw a fully favorable inference from the plaintiff's history of regular work.  *See* Record at 12.

The commissioner's omission from the record of treatment notes whose absence was material to the administrative law judge's adverse credibility finding, and the importance of that finding to the ultimate outcome, weigh against according the usual deference to that finding in this case.

Although the administrative law judge drew a negative credibility finding on a second basis, namely, the asserted discrepancy between the plaintiff's claimed limitations and his activities of daily living, the omission of the physical therapy records, which were expressly material to his credibility finding, undermines confidence that his ultimate RFC determination was supported by substantial evidence. This, in turn, undermines the supportability of the commissioner's Step 5 finding, which was predicated on vocational expert testimony elicited in response to a hypothetical question containing the flawed RFC. *See* Record at 14-15, 35-37; *see also, e.g., Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of vocational expert are relevant only to extent offered in response to hypotheticals that correspond to medical evidence of record; "To guarantee that correspondence, the Administrative Law Judge must both clarify the outputs (deciding what testimony will be credited and resolving ambiguities), and accurately transmit the clarified output to the expert in the form of assumptions.").[4]

### B. Remaining Point: Consideration of Plaintiff's Obesity

The plaintiff also complains that the administrative law judge erred in neglecting to assess whether his obesity constituted a severe impairment. *See* Statement of Errors at 1-5. As the plaintiff notes, the administrative law judge failed even to address the question of obesity despite the fact that his counsel squarely raised the issue in a pre-hearing memorandum. *See id.* at 1-3; Docket No. 7-3, Appendix II thereto; Record at 9-13.

---

[4] In addition, as the plaintiff observes, *see* Statement of Errors at 6-7, a claimant's ability to perform activities of daily living does not, in itself, constitute positive evidence of his or her RFC, *see, e.g., Hogg v. Shalala,* 45 F.3d 276, 278-79 (8th Cir. 1995) ("We have repeatedly stated that the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work."); *Rohrberg v. Apfel,* 26 F. Supp.2d 303, 309-10 (D. Mass. 1998) (administrative law judge's RFC finding was not based on substantial evidence when predicated solely on (i) adverse credibility finding given plaintiff's activities of daily living and (ii) rejection of physicians' RFC reports); *Dedis v. Chater,* 956 F. Supp. 45, 54 (D. Mass. 1997) ("Of course, a claimant's ability to participate in limited household chores, in and of itself, does not prove he has the ability to perform substantial gainful activity.").

This was error. While there is conflicting evidence concerning whether the plaintiff was obese or merely overweight, *see, e.g.*, Record at 216, the administrative law judge should have resolved that conflict and, if resolved favorably to the plaintiff, considered whether his obesity constituted a severe impairment, *see* Social Security Ruling 02-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2009) ("SSR 02-1p"), at 253.

Nonetheless, the error does not independently warrant reversal and remand. Per SSR 02-1p, obesity is not *per se* a severe impairment. *See id*. at 255 ("There is no specific level of weight or BMI [Body Mass Index] that equates with a 'severe' or a 'not severe' impairment. Neither do descriptive terms for levels of obesity (e.g., 'severe,' 'extreme,' or 'morbid' obesity) establish whether obesity is or is not a 'severe' impairment for disability program purposes."); *see also id*. at 253-55 ("The fact that obesity is a risk factor for other impairments does not mean that individuals with obesity necessarily have any of these impairments. It means that they are at greater than average risk for developing the other impairments. . . . As with any other medical condition, we will find that obesity is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities.").

The plaintiff points to no evidence that his obesity imposed limitations on his functioning. *See* Statement of Errors at 1-5. Nor does my review of the record disclose medical evidence addressing obesity in the plaintiff, identifying any resultant limitations, or prescribing a treatment plan for it.

In such circumstances, an administrative law judge's failure to consider whether a claimant's obesity is severe is harmless. *See, e.g., Rutherford v. Barnhart*, 399 F.3d 546, 553 & n.5 (3d Cir. 2005) (declining to order remand on account of administrative law judge's failure

to consider plaintiff's obesity when plaintiff "never mentioned obesity as a condition that contributed to her inability to work, even when asked directly by the ALJ to describe her impairments" and no medical evidence indicated obesity contributed to any limitation); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) (declining to order remand on account of administrative law judge's failure to consider plaintiff's obesity when, "[a]lthough [the plaintiff's] treating doctors noted that [the plaintiff] was obese and should lose weight, none of them suggested his obesity imposed any additional work-related limitations, and he did not testify that his obesity imposed additional restrictions"); *see also, e.g., Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.").

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of May, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge